**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| LINDA SMITH<br>Plaintiff<br><br>VS.<br><br>DADE COUNTY, MISSOURI,<br>KIM KINDER,<br>JAKE O'CONNOR, and<br>BRIAN WHITE<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>Case No. 6:23-cv-03050<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF, by counsel, sets forth her Complaint against Defendants as follows:

1. This action is brought pursuant to Section 15 of the Fair Labor Standards Act, 29 USC § 201 et seq.

2. Plaintiff was an employee of Defendant Dade County, Missouri as a heavy equipment operator between June 2022 and February 2023.

3. At all times relevant to this complaint, Defendant Kim Kinder was Presiding Commissioner of Dade County, Missouri and empowered to make employment decisions on its behalf.

4. At all times relevant to this complaint, Defendant Jake O'Connor was Western Commissioner of Dade County, Missouri and empowered to make employment decisions on its behalf.

5. At all times relevant to this complaint, Defendant Brian White was Eastern Commissioner of Dade County, Missouri and empowered to make employment decisions on its behalf.

6. While employed by Defendant Dade County, Plaintiff was subject to the protections of the Fair Labor Standards Act.

7. At all times relevant to this Complaint, Defendant Dade County was subject to the laws of the United States in general and the Fair Labor Standards Act in particular.

8. On or about January 30, 2022 Defendant Kim Kinder informed Plaintiff via text message that all road and bridge employees of Dade County would be working in excess of 40 hours the following week.

9. In response to this message, Plaintiff inquired as to whether the employees would be receiving 1.5 times their hourly wage for each hour worked in excess of 40 ("overtime pay"), pursuant to the Fair Labor Standards Act.

10. Defendant Kim Kinder responded by informing Plaintiff that Defendant Dade County does not and has never paid overtime pay to its employees.

11. Plaintiff protested to Kim Kinder that refusing to pay employees overtime was a violation of Missouri and Federal Law.

12. Kinder informed Plaintiff that Dade County is exempt from paying overtime pay to its employees.

13. Dade County has, for at least the past 5 years, not paid overtime pay to road and bridge employees.

14. On that same day, on or about January 30, 2022 Plaintiff contacted the US Department of Labor to complain about Dade County's refusal to pay overtime to its road and bridge employees.

15. Plaintiff presented a US Department of Labor fact sheet to Defendants Kinder, O'Connor, and White, stating that employees are entitled to receive overtime pay.

16. On February 6, 2023 Plaintiff made an additional complaint to the US Department of Labor regarding the aforesaid events.

17. Defendants knew that Plaintiff had made a complaint to the US Department of Labor and that Plaintiff had complained to Defendants about Defendants' failure to pay overtime.

18. On or about February 9, 2023 Defendants, knowingly, and acting in concert, terminated Plaintiff's employment.

19. Defendants terminated Plaintiff's employment in retaliation for opposing acts made unlawful by the Fair Labor Standards Act.

20. As a result of Defendants' actions, Plaintiff has been damaged.

21. Defendants' actions were willful, malicious, and made with the intention to harm Plaintiff and to deter similar behavior in other employees of Dade County.

22. Plaintiff demands a trial by jury on all matters so triable.

WHEREFORE Plaintiff prays the Court for judgment against Defendants for Plaintiff's lost wages, emotional distress, punitive damages, costs, attorney fees, and

such other relief as is just and lawful.

LAMPERT LAW OFFICE, LLC

By:/s/ Raymond Lampert___________

Raymond Lampert, #57567
2847 S. Ingram Mill Rd., Ste A-100
Springfield, MO 65804
Phone: (417) 886-3330
Fax: (417) 886-8186
*Attorney for Plaintiff*